**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:23-cr-77** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **SHAROD R. BOWERS,** | : | |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

This matter is before the Court on Defendant Sharod R. Bowers' *pro se* Motion for Reduction of Sentence. (ECF No. 33). For the following reasons, Bowers' Motion is **DENIED**.

**I.    BACKGROUND**

On November 9, 2023, Sharod Bowers pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (ECF No. 22; *see* ECF No. 2 at 1). On April 15, 2024, the Court sentenced him to 51 months in prison, to be followed by 3 years of supervised release. (ECF No. 31 at 2–3). Before sentencing, probation calculated Bowers' criminal history score to be 13, resulting in a criminal history category of VI. (ECF No. 25 at 17). Although most of Bowers' criminal history score arose from actions occurring well into adulthood, (*see id.* at 12–14, 17), he received 3 points for voluntary manslaughter with a firearm after a fight broke out in a bar and he shot someone. This occurred in 2004, when he was 21 years old. (*Id.* at 11).

In December 2025, Bowers filed the instant Motion seeking a reduction in his sentence. (ECF No. 33). He argues that his youthfulness during his prior criminal acts was "a factor that must be considered" by the Court in arriving at a criminal sentence pursuant to Amendment 829 and United States Sentencing Guidelines § 5H1.1. (ECF No. 33 at 1–2). Bowers claims that the Court

1

improperly calculated his criminal sentence because his age was not taken into account.  Thus, he requests that the Court "reduce and recalculate [his] sentence due to his youthfulness."  (*Id.* at 2). He claims that "any crime 25 [and] under shouldn't be used against [him] when recalculating his criminal history category," because young adults—specifically young men—do not fully develop their minds until age 26.  (*Id.* at 1–2).  He posits—without evidence beyond allusion—that scientific studies show "how at the age of 25 and under your mind is still functioning as a 8 year old child at times."  (*Id.* at 3).

The Government opposed this request for relief, (ECF No. 33), and Bowers did not file a reply in support of his motion.  The motion is ripe for review.

## II.    LAW & ANALYSIS

Bowers premises his Motion on Amendment 829 to the United States Sentencing Guidelines, arguing that his youthfulness at the time of previous crimes that were "used to calculate his criminal history category" were improper.  (ECF No. 33 at 2).  But Bowers fails to provide a basis for his requested relief, which is fatal to his request.

As the moving party, he bears the burden of proof to establish his entitlement to relief.  *See United States v. Hall*, 877 F.3d 676, 685–86 (6th Cir. 2017) (generally, the burden of proof is on the moving party); *cf. United States v. Gordon*, 2024 WL 1005772, at *2 (6th Cir. Mar. 4, 2024) (prisoner seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) bears the burden of establishing extraordinary and compelling reasons for relief).  And as the Government points out, Bowers does not explain under which "legal authority or procedural method" he brings this Motion.[1]

---

[1] Bowers does make passing reference to 18 U.S.C. § 3553(a), suggesting that he has established "extraordinary and compelling" reasons for his requested sentence reduction.  (ECF No. 33 at 3). That being said, it is unclear whether he brings his Motion under 18 U.S.C. § 3582(c).  If Bowers had explicitly brought his Motion under that statute, it would likely fail as he has not addressed or established administrative exhaustion.  As 18 U.S.C. § 3582(c)(1)(A)(i) makes clear, administrative

(ECF No. 34 at 1).  Indeed, Bowers was sentenced over two years ago, in April 2024.  (ECF No. 31).  Now, it is true that U.S.S.G. § 5H1.1 formerly provided a policy statement on the age of the offender.  *See* U.S.S.G. § 5H1.1 (eff. Nov. 1, 2024) (noting that "[a]ge may be relevant in determining whether a departure is warranted").  But this provision was deleted when the Sentencing Guidelines were revised in November 2025.  *See* U.S.S.G. Part H – Deleted (eff. Nov. 1, 2025).  Though age may still be a factor to be considered by the Court in *imposing* a sentence, *see* 18 U.S.C. § 3553(a), Bowers has not shown that he can obtain a reduction in his sentence under the now-defunct § 5H1.1.

Even if Bowers' Motion had a solid foundation in law and procedure, his reasoning is suspect.  Bowers argues that his sentence should be reduced or recalculated "due to his youthfulness," contending that he was "thinking and functioning as a boy" when he committed crimes when he was 25 years old or younger.  (ECF No. 33 at 2).  This argument alone is insufficient.  As a matter of law, an 18-year-old individual who commits a crime is "an adult when he committed the crime."  *United States v. Marshall*, 736 F.3d 492, 498 (6th Cir. 2013); *see Graham v. Florida*, 560 U.S. 48 (2010) (Age "18 is the point where society draws the line for many purposes between childhood and adulthood.").  Any minimal persuasive weight Bowers' argument might have had for a departure or a variance two years ago at sentencing is wholly undercut by the fact that he was, at the time of sentencing, over 40 years old, and received most of his criminal history points for one arrest when he was 29 years old, two arrests when he was 31 years old, one arrest when he was 32 years old, and one arrest when he was 36 years old.  (ECF No. 25 at 12–14).  Bowers' other criminal history points come from an arrest when he was 21 years old, for shooting someone at a bar.  (*Id.* at

---

exhaustion is a prerequisite before criminal defendants can obtain modification of their imposed term of imprisonment based on extraordinary and compelling reasons for relief.

11).  When Bowers was arrested in connection with that shooting, he was old enough to "vote, serve on a jury, or marry without his parents' consent."  *Marshall*, 736 F.3d at 499.  He was old enough to enter a binding contract or enlist in the United States military.  And, as the venue of the shooting suggests, he was old enough to drink alcohol legally.  In short, any immaturity that Bowers claims to have had at that time "did not render him ineligible for these benefits the law granted him by virtue of his chronological age.  Nor does his immaturity excuse him from the punishment the law imposes upon him as a consequence of that age."  *Id.*

The law does not permit 8-year-olds to drink alcohol or possess firearms.  Twenty-one year old Bowers was certainly an adult when he shot someone with a gun at a bar.  In light of his extensive criminal history that extends throughout his 30s and into his 40s, the Court is firmly unconvinced that Bowers found himself on the wrong side of the law merely as a byproduct of his youth.

### III.    CONCLUSION

For the foregoing reasons, Bowers' Motion for Reduction of Sentence (ECF No. 33) is **DENIED**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  May 27, 2026**

4